UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| PSLC LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:24-cv-1270-PP |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GENERAC POWER SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANT'S REPLY BRIEF OR IN THE ALTERNATIVE MOTION TO SEEK LEAVE TO FILE SUR-REPLY**

Plaintiff PSLC LLC ("PSLC" or "Plaintiff") files this Opposed Motion to Strike Defendant Generac Power Systems, Inc.'s ("Generac" or "Defendant") Reply Brief in Support of Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss ("Motion to Dismiss"). In the alternative, Plaintiff moves for leave to file a short sur-reply (no more than four pages in length) for the limited purpose of addressing a misleading argument raised in Defendant's Reply.

**I.   DEFENDANT'S REPLY BRIEF IS UNTIMELY AND SHOULD BE STRICKEN**

Defendant's Reply Brief is unquestionably late. When a Court sets a specific date by which filing must occur, Federal Rule of Procedure 6(a)(1) is inapplicable and a party is not entitled to wait until the following day regardless of whether the date selected by the Court is a Federal holiday or weekend. *Miller v. City of Ithaca*, No. 3:10-CV-597, 2012 U.S. Dist. LEXIS 63433 *2-11 (N.D.N.Y. May 4, 2012) (discussing *United States v. Locke*, 471 U.S. 84, 100-01 (1985)). This Court has analyzed the excusable neglect standard under FRCP 6(b)(1) before and is well aware that "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language" of a written rule. *Simon v. United Landscape & Snowplowing, Inc.*, 2010 U.S. Dist. LEXIS 134040 *9 (quoting *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132,

1

133 (7th Cir. 1996)). Excusable neglect should also not be found where counsel is provided with the clear deadline *it requested* and subsequently chose to ignore.

Shortly after Plaintiff filed its Response, Defendant asked Plaintiff for an extension of time to file its Reply until January 20, 2025. Despite the fact this placed Defendant's Reply nearly a month after Plaintiff's Response (Dkt. No. 12 filed on December 23, 2024) and provided Defendant longer to Reply than Plaintiff had to Respond to Defendant's Motion to Dismiss, Plaintiff consented and Defendant filed an unopposed motion. In its motion, Defendant requested an extension "up to and including January 20, 2025." *See* Dkt. No. 14. The Court thereafter entered a Minute Order on January 2, 2025 in which it provided a specific date for Defendant's reply: "The court ORDERS that the time for the defendant to file a reply in support of its motion to dismiss is EXTENDED *until the end of the day on January 20, 2025*." (emphasis added). Defendant asked for a specific date certain and the Court gave it a specific date certain.

Defendant could have filed the Reply Brief on Friday, January 17, 2025, attempted to contact either counsel for Plaintiff or the Court for a slight extension which likely would have been granted. Instead, Defendant chose to ignore this Court's specific directive and follow its own timeline and file on the afternoon of January 21st. Dkt. No. 17. Because Defendant's Reply Brief is untimely and specific dates set by the Court do not receive the benefit of FRCP 6(a)(1), the Reply Brief should be stricken and the fact that the specific date was a Federal Holiday is of no consequence. Plaintiff does not bring this motion to avoid the arguments raised in Defendant's Reply but because the Court's orders must be followed and the consequences of them not being followed must be borne.

## II. IN THE ALTERNATIVE, GOOD CAUSE EXISTS FOR LEAVE FOR PLAINTIFF TO FILE A SUR-REPLY

Should the Court deny Plaintiff's request to strike, Plaintiff would respectfully, and in the alternative, seek leave to file a short sur-reply in support of its opposition to Defendant's Motion to Dismiss. Whether to grant a party leave to file a sur-reply brief is a question within the Court's discretion. *See, e.g.*, *Prude v. Co. Candice Dixon*, 2024 U.S. Dist. LEXIS 194244 (E.D. Wis. Oct. 24, 2024). "The decision to permit the filing of a sur-reply is purely discretionary and should generally be allowed only for valid reasons, such as when a movant raises new arguments in a reply brief." *Id.*, *citing Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011).

Counsel recognizes that sur-replies are not a matter of course. However, given the new and misleading argument presented in Defendant's Reply brief, a short sur-reply that addresses this single argument is warranted and will aid the Court in deciding the Motion to Dismiss. *Tirnanich v. Select Portfolio Servicing, Inc.*, No. 17-cv-1142-pp, 2018 U.S. Dist. LEXIS 38956, at *5-7 (E.D. Wis. Mar. 9, 2018) (granting leave to file sur-reply to address "single, misleading fact in the defendant's reply brief" despite the fact sur-replies are disfavored "and will consider it when deciding the amended motion to dismiss."). A copy of Plaintiff's proposed sur-reply is attached as Exhibit 1 hereto, and will be summarized for the Court's ease of reference as follows.

Plaintiff's Response pointed out a particular solution to a particular problem, and went on to identify specific claim limitations in the Asserted Claims that capture this patent eligible solution (including proactively controlling various loads presented to a power source by selectively connecting, limiting or otherwise controlling the loads). *Id.* at pp. 4-6, 8-14, 15-18. Defendant's Reply relies heavily on a newly-raised and misleading argument that the "proactive" solution taught as part of the Patents-in-Suit is not present in the Asserted Claims, because they are allegedly directed towards a reactive approach.

3

Defendant's argument goes directly to the issue raised in Plaintiff's Response surrounding the anticipated need for claim construction before consideration of dismissal on Section 101 grounds. Dkt. No. 12 at p. 4. In particular, Defendant relies on the limitation "in response to at least one of an actual or potential overload." While its argument is necessarily predicated on its reading of the claim, Defendant conveniently leaves out of its Reply the fact that the Patents-in-Suit provide a specific definition to the term "overload." *See* '727 Patent at Col. 7, ll. 53-60. According to the patentee himself, an "overload" does not require an actual connection to a load that exceeds the maximum capability of the power source. Instead, an "overload" is a load that, if not disconnected or otherwise prevented, ***would*** cause a departure from specifications for the power output, a loss of power, or damage. This understanding of the term "overload" is exactly what Plaintiff is describing in its Response, is consistent with the goal of the invention, is found in the claims, and is directly on point with Plaintiff's stated reason for Section 101 eligibility.

The Patents-in-Suit are part of the record for the Court to consider in its analysis and here, the specification clearly refutes Defendant's primary and newly raised argument in its Reply. Defendant's misleading argument warrants correction, and that correction may be considered by the Court in reaching its decision. Defendant's Motion to Dismiss should therefore be denied, or at the very least tabled until after claim construction has been completed.

### III. <u>CONCLUSION</u>

For at least the above reasons, Defendant's Reply in support of its Motion to Dismiss should be stricken. Alternatively, good cause exists such that Plaintiff be granted leave to file a short sur-reply to address the misleading argument raised in Defendant's Reply briefing.

Date: January 23, 2025.   Respectfully submitted,

*/s/ Dave R. Gunter*
Texas State Bar No. 19463350

4

Dave R. Gunter
Texas State Bar No. 24074334
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
jts@fsclaw.com
gunter@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

On January 22 and 23, 2025, Plaintiff's counsel conferred via email regarding the relief sought in this Motion and counsel for Defendant opposes the relief requested in this Motion.

*/s/ Dave R. Gunter*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Wisconsin, Milwaukee Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Dave R. Gunter*