**EXHIBIT A**

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| 1 | Plaintiff and Defendant | "overload" | AGREED: "a load that if not disconnected or otherwise prevented will either cause a departure from specifications for the power output from the power source, for example such as a deviation of AC power voltage or frequency for longer than a specified time period, a loss of power such as from a tripped circuit breaker, or damage such as overheating or exceeding mechanical stress limits"<br><br>Intrinsic evidence: '857 Col. 7, ll. 55-62 | AGREED: "a load that if not disconnected or otherwise prevented will either cause a departure from specifications for the power output from the power source, for example such as a deviation of AC power voltage or frequency for longer than a specified time period, a loss of power such as from a tripped circuit breaker, or damage such as overheating or exceeding mechanical stress limits" | |
| 2 | Plaintiff and Defendant | "parameter" | AGREED: "a quantity of one or more property or attribute (e.g. of a device, physical property, substance or environment) which is treated as a constant"<br><br>Intrinsic evidence: '857 Col. 10, ll. 11-23 | AGREED: "a quantity of one or more property or attribute (e.g. of a device, physical property, substance or environment) which is treated as a constant" | |
| 3 | Plaintiff | "power grid" | "any commonly known and used sources of electrical power | Plain & Ordinary Meaning; No Construction Necessary | |

1

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | to homes and businesses, e.g. public and private electric utility companies" <br><br>Intrinsic evidence: '857 Col. 15, ll. 24-38; Col. 9, ll. 26-31; Col. 13, ll. 27-36 <br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut Defendant's positions. | Intrinsic evidence: '727 Patent at Figs. 2–4, 8, 10, 12; *id.* at 9:26–41; *id.* at 15:24–38; *id.* at 16:19–38; *id.* at 37:65–38:19; *id.* at 62:16–29; *id.* at Cls. 6, 10, 11, 12, 13, 14, 15, 37, 38, 44, 57, 58, 59.; '857 Patent at Figs. 2–4, 8, 10, 12; *id.* at 9:26–41; *id.* at 15:24–38; *id.* at 16:19–38; *id.* at 37:65–38:19; *id.* at 62:16–29; *id.* at Cls. 7, 19–16, 45–46, 53–54, 65. | |
| 4 | Plaintiff and Defendant | "timely" | AGREED: "instant, real time, close to real time or a suitable time" <br><br>Intrinsic evidence: '857 Col. 25, ll. 60-66; '727 file history, Appeal Brief at p. 62 | AGREED: "instant, real time, close to real time or a suitable time" | |
| 5 | Plaintiff and Defendant | "know" or "known" | "to have been previously stored in a memory and available e.g. having been previously manufactured with, programmed with or measured" <br><br>Intrinsic evidence: '857 Col. 26, ll. 16-25; '727 file history, Appeal Brief at p. 61 | "previously stored in a memory and available" | |

2

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut Defendant's positions. | | |
| 6 | Plaintiff | "small backup power systems" | "those used for an individual home or business with a single or multiple phase service connection of 440 volts or less and 400 amps or less"<br><br>Intrinsic evidence: '857 Col. 19, ll. 20-25; '727 file history, Appeal Brief at p. 61<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut Defendant's positions. | "backup power system used for an individual home or business with a single or multiple phase service connection of 440 volts or less and 400 amps or less" | |
| 7 | Plaintiff | "terminals" | "connections for electric circuits."<br><br>Intrinsic evidence: '857 Col. 51, ll. 47-51; '618 file history, Response to 07/15/2020 Office Action at p. 4<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut | Plain & Ordinary Meaning; No Construction Necessary<br><br>Intrinsic evidence: '618 Patent Cls. 17, 21, 22, 23, 24, 25, 29 | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | Defendant's positions. | | |
| 8 | Defendant | "the processor circuit being programmed to timely monitor the current provided to the one or more loads of the group of loads when they are powered by the generator and to timely monitor the group of loads when they are powered by the power grid operating in advance and when necessary to communicate with one or more loads or corresponding load modules of the group of loads to control the current consumed thereby to prevent exceeding the maximum output current capacity of the power source selected by the transfer switch." | Plain and ordinary meaning.<br><br>Plaintiff's Alternative Proposed Function and Corresponding Structure to the Extent the Court Requires Section 112(6) Treatment of the Phrase:<br><br>Function: timely monitor the current provided to the one or more loads of the group of loads when they are powered by the generator and to timely monitor the group of loads when they are powered by the power grid operating in advance and when necessary to communicate with one or more loads or corresponding load modules of the group of loads to control the current consumed thereby to prevent exceeding the maximum output current capacity of the power source selected by the transfer switch<br><br>Structure: processor circuit, as set forth in '727, Col. 27, l. 61 through Col. 28, l. 29 et seq., | Subject to 35 U.S.C. § 112 ¶ 6—Indefinite.<br><br>Function: timely monitor the current provided to the one or more loads of the group of loads when they are powered by the generator and to timely monitor the group of loads when they are powered by the power grid operating in advance and when necessary to communicate with one or more loads or corresponding load modules of the group of loads to control the current consumed thereby to prevent exceeding the maximum output current capacity of the power source selected by the transfer switch<br><br>Structure: None.<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | and associated hardware for executing the identified claim language or similarly worded operations found in the specification, and equivalents thereto<br><br>Intrinsic evidence: '727 at Col. 27, l. 61 – Col. 28, l. 29 et seq.; Col. 28, ll. 50-59; Col. 40, ll. 54-62; Col. 53, l. 64 – Col. 54, l. 7; Col. 28, ll. 8-14; Col. 9, ll. 40-58; Col. 25, ll. 1-28; Col. 21, ll. 28-35 and 42-54; Col. 23, ll. 13-22 and 30-44; Col. 24, ll. 11-25; Col. 21, ll. 32-35; Col. 22, ll. 6-29; Col. 40, ll. 35-48; Col. 20, ll. 9-20; Col. 35, ll. 6-59; Col. 37, ll. 35-64; Col. 39, ll. 16-37 and 34-42; Col. 51, ll. 15-38; Col. 20, ll. 15-28; Col. 22, l. 30 through Col. 23, l. 12; Col. 24, ll. 26-37; Col. 28, ll. 30-59; Col. 36, ll. 12-30; Col. 56, l. 58 – Col. 57, l. 62; Col. 29, ll. 6-14; Col. 9, ll. 9-23; Col. 13, ll. 7-23; Col. 21, ll. 5-22; Col. 26, ll. 4-57; Col. 26, l. 58 – Col. 27, l. 15; Col. 27, ll. 29-54; Col. 30, l. 57 – Col. 31, l. 46; Col. 32, l. 46 – Col. 33, l. | term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty.<br><br>Intrinsic evidence: '727 Patent at Cl. 13; 2:24–43; 27:61–28:29; 31:63–32:13; Fig. 5, Fig. 9. | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | 58; Col. 36, ll. 12-30; Figures 5 and 9 (including elements 33a and 33b and related disclosures); Figures 4 and 5 (including elements 23 and 24); Figures 8 and 12; Figures 14, 15, 18 (including element 37); Figures 16 and 17 (including elements 25c and 25d)<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record; an opinion that any terms and/or phrases have a sufficiently definite meaning as the name for structure when read in context of the claims and the specification and should not be governed by Section 112(6); or to the extent the Court finds an application of means-plus-function treatment, that any such term and/or phrase has sufficient | | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | identified function and corresponding structure. | | |
| 9 | Defendant | "the processor circuit being programmed to timely monitor the current provided to the loads by said DC to AC inverter and to prevent exceeding the maximum current capacity of the DC to AC inverter." | Plain and ordinary meaning.<br><br>Plaintiff's Alternative Proposed Function and Corresponding Structure to the Extent the Court Requires Section 112(6) Treatment of the Phrase:<br><br>Function: timely monitor the current provided to the loads by said DC to AC inverter and to prevent exceeding the maximum current capacity of the DC to AC inverter<br><br>Structure: processor circuit, as set forth in '727, Col. 27, l. 61 through Col. 28, l. 29 et seq., and associated hardware for executing the identified claim language or similarly worded operations found in the specification, and equivalents thereto<br><br>Intrinsic evidence: '727 at Col. 27, l. 61 – Col. 28, l. 29 et seq.; Col. 28, ll. 50-59; Col. 40, ll. | Subject to 112 ¶ 6—Indefinite.<br><br>Function: timely monitor the current provided to the loads by said DC to AC inverter and to prevent exceeding the maximum current capacity of the DC to AC inverter<br><br>Structure: None.<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty.<br><br>Intrinsic evidence: '727 Patent | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | 54-62; Col. 53, l. 64 – Col. 54, l. 7; Col. 28, ll. 8-14; Col. 9, ll. 40-58; Col. 25, ll. 1-28; Col. 21, ll. 28-35 and 42-54; Col. 23, ll. 13-22 and 30-44; Col. 24, ll. 11-25; Col. 21, ll. 32-35; Col. 22, ll. 6-29; Col. 40, ll. 35-48; Col. 20, ll. 9-20; Col. 35, ll. 6-59; Col. 37, ll. 35-64; Col. 39, ll. 16-37 and 34-42; Col. 51, ll. 15-38; Col. 20, ll. 15-28; Col. 22, l. 30 through Col. 23, l. 12; Col. 24, ll. 26-37; Col. 28, ll. 30-59; Col. 36, ll. 12-30; Col. 56, l. 58 – Col. 57, l. 62; Col. 29, ll. 6-14; Col. 9, ll. 9-23; Col. 13, ll. 7-23; Col. 21, ll. 5-22; Col. 26, ll. 4-57; Col. 26, l. 58 – Col. 27, l. 15; Col. 27, ll. 29-54; Col. 30, l. 57 – Col. 31, l. 46; Col. 32, l. 46 – Col. 33, l. 58; Col. 36, ll. 12-30; Col. 13, ll. 42-49 and 61-64; Col. 43, ll. 37-45; Col. 43, l. 54 – Col. 44, l. 12; Figures 5 and 9 (including elements 33a and 33b and related disclosures); Figures 4 and 5 (including elements 23 and 24); Figures 8 and 12 (including element 67); Figures 14, 15, 18 (including element | at Cl. 13; 2:24–43; 27:61–28:29; 31:63–32:13; Fig. 5, Fig. 9. | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | 37); Figures 16 and 17 (including elements 25c and 25d)<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record; an opinion that any terms and/or phrases have a sufficiently definite meaning as the name for structure when read in context of the claims and the specification and should not be governed by Section 112(6); or to the extent the Court finds an application of means-plus-function treatment, that any such term and/or phrase has sufficient identified function and corresponding structure. | | |
| 10 | Defendant | "via the connection or sensor coupled to the line connection" | Plain and ordinary meaning<br><br>Intrinsic evidence: remainder of | Indefinite<br><br>Intrinsic evidence: | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | the claim limitation as written, including limitation (a)<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | '618 Patent Cls. 1, 9, 10, 11, 16, 17, 30, 31, 40, 41<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 11 | Defendant | "the priority" | Plain and ordinary meaning<br><br>Intrinsic evidence: '618 at Col. 7, ll. 32-34; Col. 55, l. 47 – Col. 56, l. 24; Col. 57, ll. 20-34; Col. 59, l. 35 – Col. 60, l. 32; Col. 60, l. 60 – Col. 61, l. 46;<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent | Indefinite<br><br>Intrinsic evidence: '618 Patent at Cls. 6, 14, 20, 27, 6:40–47, 7:32–34, 10:6-11, 26:16–17, 26:62–63, 30:12–31:11, 35:42–55, 40:12–14, 56:3–6, 57:25–31, 60:12–32, 61:40–45,<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 12 | Defendant | "unavoidable electronic circuit propagation delay time duration" | Plain and ordinary meaning<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | Indefinite<br><br>Intrinsic evidence: '618 Patent file history, Cls. 7, 8, 24, 3:50–64, 8:9–37, 9:19–25, 16:58–63, 17:14–19, 25:62–26:3, 30:41–48, 34:49–57, 61:60–65, 35:25–32, 36:51–55, 50:1–11, 56:3–17, 59:63–11, 59:60–63, 48:19–27<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and | |

11

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | | intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 13 | Defendant | "The load coupler device of claim 1 wherein the processor circuit causes a load shed in response to the amount of total load on the power source, the amount of total load being determined by an electronic circuit which is part of a control system of the power source" | Plain and ordinary meaning

Intrinsic evidence: see intrinsic citations above in connection with "processor circuit"; see also '618 at Col. 11, ll. 35 – Col. 12, l. 7; Col. 46, l. 14 – Col. 53, l. 57; Col. 23, ll. 13-44; Col. 45, ll. 1-52; Figures 13-15 (including element 80)

Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | Indefinite

Intrinsic evidence: '618 Pat. at Cls. 1, 12.

Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 14 | Defendant | "the drop in frequency | Plain and ordinary meaning | Indefinite | |

12

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | representing a known amount of power being supplied by the second power source" | Intrinsic evidence: '618 at Col. 36, ll. 12-30; Col. 56, ll. 42-67; Col. 57, l. 4 – Col. 58, l. 4

Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | Intrinsic evidence: '618 Patent at Cls. 11, 23, 6:28–56, 18:47–62, 57:20–34, 58:18–26

Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 15 | Defendant | "The load coupler device of claim 1 wherein before the processor circuit would otherwise close the contactor to resupply power to the first load when the known time period elapses, in response to one or more of:
i) the voltage of the power provided to and sensed at the contactor line | Plain and ordinary meaning

Intrinsic evidence: see intrinsic citations above in connection with "processor circuit"; see also '618 at Col. 11, ll. 35 – Col. 12, l. 7; Col. 46, l. 14 – Col. 53, l. 57; Col. 23, ll. 13-44; Col. 45, ll. 1-52; Col. 6, ll. 2-10; Col. 24, ll. 38-48; Col. 26, l. 26 – Col. 27, l. 5; Figures 13-15 (including element 80) | Indefinite

Intrinsic evidence: '618 Pat. at Cls. 1, 16, Figs. 4, 18, 25:3–8, 54:32–57

Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | connection,<br> ii) the frequency of the power provided to and sensed at the contactor line connection,<br>iii) the total load on the power source,<br>iv) or, via a current transformer, the total current being supplied by the power source, the processor first determines at least one of whether the power source is already overloaded or if connecting the first load will cause the power source to become overloaded, and if one of these conditions exists, the processor does not close the contactor thus preventing the first load from being connected to the power source." | Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 16 | Defendant | "responsive to the amount of total load on the power source and one or more of voltage, current or frequency of the electric power supplied at the | Plain and ordinary meaning<br><br>Intrinsic evidence: see intrinsic citations above in connection with "processor circuit"; see also '618 at Col. 60, ll. 12-32 | Indefinite<br><br>Intrinsic evidence: '618 Pat. at Cls. 1, 16, 30, 27:15-28, 36:59–37:15, 39:51–40:11; 58:5–26; 56:42–67; 53:58– | |

14

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | contactor line connection" | Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to: rebut Defendant's positions; provide an opinion, to the extent necessary, that any words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning or that such terms find sufficient support in the intrinsic or extrinsic record. | 54:57.<br><br>Generac anticipates that it may rely on Dr. Steven B. Leeb to rebut evidence or testimony presented by PSLC regarding this term, in support that the term is indefinite, because after reviewing and considering the specification, prosecution history, and intrinsic and extrinsic record, a POSITA would be unable to ascertain the scope of the claim term with reasonable certainty. | |
| 17 | Defendant | "sine wave distortion" | Plain and ordinary meaning<br><br>Intrinsic evidence: '857 at Col. 53, l. 58 – Col. 54, l. 7; Col. 58, ll. 5-26<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut Defendant's positions. | Plain and Ordinary Meaning, which is "deviation from an ideal sine wave"<br><br>Intrinsic Evidence: '857 Patent at 58:5–59:12; *id.* at 53:58–54:7; *id.* at Cls. 21, 24, 66, 71, as well as any figures corresponding to reference numerals or figures otherwise referenced in these ranges.<br><br>Generac intends to rely on Dr. Steven B. Leeb in support of this term. Dr. Leeb is | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | | anticipated to offer an opinion regarding the meaning of this term as it is used in the '857 Patent and as it would have been understood by a person of ordinary skill in the art at the time of invention. Dr. Leeb may also provide testimony regarding relevant background technology and the level of skill in the art. | |
| 18 | Defendant | "sine distortion" | Plain and ordinary meaning<br><br>Intrinsic evidence: see remainder of claim language in claim 66 regarding "sine wave distortion"; see also '857 at Col. 53, l. 58 – Col. 54, l. 7; Col. 58, ll. 5-26<br><br>Extrinsic evidence: Plaintiff may offer testimony of one skilled in the art to rebut Defendant's positions. | Plain and Ordinary Meaning, which is "deviation from an ideal sine wave"<br><br>Intrinsic Evidence: '857 Patent at 58:5–59:12; *id.* at 53:58–54:7; *id.* at Cls. 21, 24, 66, 71, as well as any figures corresponding to reference numerals or figures otherwise referenced in these ranges.<br><br>Generac intends to rely on Dr. Steven B. Leeb in support of this term. Dr. Leeb is anticipated to offer an opinion regarding the meaning of this term as it is used in the '857 Patent and as it would have been understood by a person of | |

| Term No. | Party Proposing | Claim Term | Plaintiff's Proposed Constructions | Defendant's Proposed Constructions | Court's Construction |
|---|---|---|---|---|---|
| | | | | ordinary skill in the art at the time of invention. Dr. Leeb may also provide testimony regarding relevant background technology and the level of skill in the art. | |